UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE CITY DIVISION
3:12-cv-736-GCM
(3:00-cr-222-GCM-1)

| | |
|---|---|
| **TIMOTHY JEROME NIXON,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence filed under 28 U.S.C. § 2255, (Doc. No. 1). For the reasons that follow, the Court finds that this is an unauthorized, successive petition, and the Court therefore dismisses the Motion to Vacate.

## I. BACKGROUND

On November 8, 2000, Petitioner was named in a ten-count superseding bill of indictment, charging Petitioner with numerous drug and gun offenses. (Crim. No. 3:00-cr-222-GCM, Doc. No. 3: Superseding Indictment). On February 1, 2001, pursuant to a written plea agreement, Petitioner pled guilty to conspiracy to possess with intent to distribute cocaine base and cocaine (Count 1), using and carrying a firearm during and in relation to a drug trafficking crime (Count 8), and possession of a firearm by a convicted felon (Count 9). (Id., Doc. No. 35: Plea Agreement). On October 16, 2002, the Court sentenced Petitioner to 180 months imprisonment on Count 1; to 120 months imprisonment on Count 9 to be served concurrently with the Count 1 sentence; and to a consecutive term of 60 months imprisonment on Count 8, for

a total of 240 months imprisonment. (Id., Doc. No. 106).

On October 1, 2002, Petitioner filed a timely notice of appeal to the United States Court of Appeals for the Fourth Circuit. (Id., Doc. No. 103). On December 2, 2002, Petitioner withdrew his appeal notice, and on February 11, 2003, the Fourth Circuit dismissed Petitioner's appeal. United States v. Nixon, No. 02-4796 (4th Cir. 2003).

On September 17, 2003, Petitioner filed his first Motion to Vacate his conviction and sentence. (Crim. No. 3:00-cr-222-GCM, Doc. No. 113). In the Motion to Vacate, Petitioner alleged that he had received ineffective assistance of counsel, that his conspiracy conviction was unlawful, and that his sentence exceeded the maximum term that could have been imposed under the U.S. Sentencing Guidelines. This Court denied the Motion to Vacate on August 18, 2004. (Id., Doc. No. 117).

On January 17, 2006, Petitioner filed a second Motion to Vacate, raising a claim under Apprendi v. New Jersey, 530 U.S. 466 (2000). (Id., Doc. No. 128). On January 20, 2006, the Court denied and dismissed the Motion to Vacate as an unauthorized, successive petition. (Id., Doc. No. 129); Nixon v. United States, No. 3:06cv24-02-MU, 2006 WL 163614 (W.D.N.C. Jan. 20, 2006).

On July 24, 2008, Petitioner, by and through counsel, filed a Motion to Reduce Crack Sentence pursuant to 18 U.S.C. § 3852(c). (3:00-cr-222-GCM-1, Doc. No. 142). The Court denied the motion by Order entered on September 18, 2008. (Id., Doc. No. 151). On October 5, 2012, the Court, on its own motion, again declined to reduce Petitioner's sentence pursuant to 18 U.S.C. § 3852(c). (Id., Doc. No. 182).

On October 5, 2012, Petitioner filed the pending Motion to Vacate, contending that he is entitled to relief under an en banc decision in United v. Simmons, 649 F.3d 237 (4th Cir. 2011).

Petitioner contends that he is entitled to relief under Simmons because the 1998 state court felony of possession with intent to sell and deliver marijuana that was used to support the felon in possession conviction under 18 U.S.C. § 922(g) no longer qualifies as a predicate felony under Simmons.

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that no response is necessary from the United States. Further, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

As noted above, this is the third § 2255 Motion to Vacate filed by Petitioner with regard to his conviction and sentence in 3:00-cr-222-GCM-1. Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Thus, Petitioner must first obtain an order from the United States Court of Appeals for the Fourth Circuit before this court will consider any second or successive petition under 28 U.S.C. § 2255.

Petitioner has not shown that he has obtained permission from the United States Court of Appeals for the Fourth Circuit to file a successive petition. See also § 2255(h) ("[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate

-3-

Case 3:12-cv-00736-GCM   Document 2   Filed 11/15/12   Page 3 of 5

court of appeals."). Accordingly, this successive petition must be dismissed.[1] See Burton v. Stewart, 549 U.S. 147, 153 (2007) (holding that failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition "in the first place"). Accord Everette v. United States, 5:04-cv-358, 2012 WL 4486107 (E.D.N.C. Sept. 28, 2012) (dismissing a § 2255 as a successive petition where the petitioner raised a claim under United States v. Simmons, 649 F.3d 237 (4th Cir. 2011).

## IV.  CONCLUSION

For the foregoing reasons, the Court will dismiss Petitioner's Section 2255 Motion to Vacate for lack of jurisdiction because the motion is a successive petition and Petitioner has not first obtained permission from the Fourth Circuit Court of Appeals to file the motion.

**IT IS, THEREFORE, ORDERED** that

1. Petitioner's Motion to Vacate, (Doc. No. 1), is **DISMISSED** as a successive petition.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a

---

[1] In any event, Petitioner is not entitled to Simmons relief on the merits. As noted, the Court sentenced Petitioner to 180 months imprisonment on Count 1 (conspiracy to possess with intent to distribute cocaine base and cocaine ); to 120 months imprisonment on Count 9 (possession of a firearm by a convicted felon), to be served concurrently with the Count 1 sentence; and to a consecutive term of 60 months imprisonment on Count 8 (using and carrying a firearm during and in relation to a drug trafficking crime), for a total of 240 months imprisonment. (Id., Doc. No. 106). Here, even if the Court were to vacate Petitioner's sentence to 120 months on his conviction for possession of a firearm by a convicted felon, it would not affect his sentence because the 120-month sentence runs concurrently with the 180-month sentence on Petitioner's conviction for conspiracy to possess with intent to distribute cocaine base and cocaine. See United States v. Powell, 691 F.3d 554, 562 n.1 (4th Cir. 2012) (King, J., dissenting).

certificate of appealability.  See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).  Petitioner has failed to make the required showing.

Signed: November 15, 2012

Graham C. Mullen
United States District Judge