UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-736-GCM
(3:00-cr-222-1)

| | | |
|---|---|---|
| **TIMOTHY JEROME NIXON,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**THIS MATTER** comes before the Court on a Motion for Reconsideration of the Court's prior Order on Petitioner's Motion to Vacate pursuant to 28 U.S.C. § 2255, (Doc. No. 4). For the reasons that follow, the Court denies the motion.

## I. BACKGROUND

Petitioner filed the pending Motion for Reconsideration on December 26, 2012, seeking to have this Court review the Court's Order dismissing as a successive petition Petitioner's previously filed Motion to Vacate with regard to his conviction and sentence in Criminal Case No. 3:00cr222-1. In the Motion to Vacate, filed on October 5, 2012, Petitioner alleged that he was entitled to relief pursuant to the Fourth Circuit's en banc opinion in United States v. Simmons, 649 F.3d 243 (4th Cir. 2011). On November 15, 2012, the Court denied the Motion to Vacate as a successive, unauthorized petition. In Petitioner's Motion for Reconsideration, he contends that his Motion to Vacate was not a successive petition because Petitioner could not have raised the Simmons claim in his first petition.

## II. DISCUSSION

Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." A second or successive Section 2255 petition must be certified by a panel of the appropriate court of appeals to contain either "newly discovered evidence . . . or a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(l)-(2). While "it is settled law that not every numerically second [§ 2255 petition] is a 'second or successive' petition within the meaning of the AEDPA," In re Williams, 444 F.3d 233, 235 (4th Cir. 2006), second petitions challenging the same conviction and sentence based on a subsequent change in substantive law are deemed to be successive and require authorization from the court of appeals in order to be filed. See 28 U.S.C. § 2255(h); Gilbert v. United States, 640 F.3d 1293, 1295 (11th Cir. 2011) (petitioner who claimed his career offender enhancement was invalid in light of subsequently decided authority could not raise the issue in a second § 2255 petition because the petition was barred by § 2255(h)). Thus, this Court correctly ruled that Petitioner's Motion to Vacate was a successive petition subject to dismissal because Petitioner did not first obtain authorization from the Fourth Circuit to file the petition.[1]

## III. CONCLUSION

---

[1] District courts in the Fourth Circuit to have addressed the issue have held that petitions that raise Simmons claims are properly characterized as successive petitions. See Evans v. Warden at FMC Butner, No. 5:12-HC-2043-FL, 2012 WL 6633942, at *2 (E.D.N.C. Dec. 20, 2012) (stating that if an action raising a Simmons claim were treated as a Section 2255 petition, it would be dismissed as successive); Newman v. United States, No. 6:04-cr-01127-GRA-8, 2012 WL 6618754, at *2 (D.S.C. Dec. 19, 2012) (dismissing as an unauthorized, successive petition a Section 2255 petition raising Simmons claims); Akili v. Zych, No. 7:12-cv-456, 2012 WL 4891701, at *2 (W.D. Va. Oct. 15, 2012) (assuming that an action raising a Simmons claim would be a successive petition); Jones v. United States, Civil Action No. WDQ-12-2186, 2012 WL 3115756, at *2 (D. Md. July 25, 2012) (dismissing as an unauthorized, successive petition a Section 2255 petition raising Simmons claims).

For the reasons stated herein, Petitioner's Motion for Reconsideration is denied.

**IT IS, THEREFORE, ORDERED** that

1. Petitioner's Motion for Reconsideration, (Doc. No. 4), is **DENIED**.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: December 28, 2012

Graham C. Mullen
United States District Judge